IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| STACY WAYNE JAMES,<br>Petitioner,<br><br>v.<br><br>RICK THALER, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No. 7:06-CV-194-O |

MEMORANDUM OPINION AND ORDER

ON THIS DATE, came on to be considered the papers and pleadings filed in this action, and the Court finds and orders as follows:

Petitioner seeks to challenge the validity of his Baylor County convictions for aggravated sexual assault and criminal solicitation. Petition ¶¶ 1-4; *State of Texas v. James*, Nos. 5169 (aggravated sexual assault) & 5183 (criminal solicitation) (50th Judicial District Court of Baylor County, Texas 2005). On October 10, 2005, pursuant to his plea of guilty, James was found guilty and sentenced to seventeen years in prison under cause number 5169, aggravated sexual assault, and thirty-four years in prison under cause number 5183, criminal solicitation, with the sentences to run concurrently. Petition ¶ 3; *Ex parte James*, App No. 65,829-01 at pp. 84-85; *see* Commitment in Cause No. 5182 (stating that the sentences are to run concurrently). James did not file a direct appeal. However, he filed two state habeas applications without success. *Ex parte James*, App Nos. 65,829-01 & 65,829-02 (Tex. Crim. App. 2006). In support of the instant petition, James presents the following grounds for relief:

1. Involuntary plea of guilty (both convictions);

2. Ineffective assistance of counsel due to counsel's drug and alcohol addictions (both convictions);

3. Conflict of interest on the part of counsel due to counsel's drug and alcohol addictions (both convictions);

4. Prosecutorial misconduct (both convictions);

5. Actual innocence (both convictions);

6. Entrapment (criminal solicitation conviction);

7. Conspiracy (criminal solicitation conviction);

*Petition pp. 7-8.* Respondent argues that James is not entitled to the relief he seeks. *Respondent's Answer with Brief in Support (hereinafter "Answer at p. ___").*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") which governs this Court's habeas review, provides in relevant part that:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254(d) (West 2006).

Under the "contrary to" clause, a federal court may grant the writ of habeas corpus if the state court either arrives at a conclusion opposite to that reached by the United States Supreme Court

on a question of law or decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court either unreasonably applies the correct legal rule to the facts of a particular case or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 407. The standard for determining whether a state court's application was unreasonable is an objective one, and applies to all federal habeas corpus petitions which, like the instant case, were filed after April 24, 1996, provided that they were adjudicated on the merits in state court. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). In the context of habeas corpus, "adjudicated on the merits" is a term of art referring to a state court's disposition of a case on *substantive* rather than *procedural* grounds. *Green v. Johnson*, 116 F.3d 1115, 1121 (5th Cir. 1997).

Upon a finding of state court compliance with the "contrary to" clause of 28 U.S.C. § 2254(d)(1), federal courts give deference to the state court's findings unless such findings violate the "unreasonable application" clause of 28 U.S.C. § 2254(d)(2). *Chambers*, 218 F.3d at 363. The "unreasonable application" clause concerns only questions of fact. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). The resolution of factual issues by the state court is afforded a presumption of correctness and will not be disturbed unless the habeas petitioner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Sumner v. Mata*, 449 U.S. 539, 550 (1981).

Absent such evidence, the presumption of correctness is applied provided that the state court findings are evidenced in writing, issued after a hearing on the merits, and are fairly supported by the record. *E.g., Burden v. Zant*, 498 U.S. 433, 436-37 (1991); *Williams v. Scott*, 35 F.3d 159, 161 (5th Cir. 1994); 28 U.S.C. § 2254(d).

In his first and second grounds for relief relating to his conviction for aggravated sexual assault, Petitioner claims that his plea of guilty was involuntary do to ineffective assistance of counsel. Petition p. 7. Specifically, Petitioner states that counsel failed to explain the charge, how the law would effect him, how she would defend him and the likely outcome of a trial. *Id.* He states that counsel failed to explain the elements of the offense, that he was not afforded time to actively understand the circumstances and that counsel's drug and alcohol addictions interfered with her ability to render effective assistance. *Id.* Petitioner states that, but for counsel's ineffectiveness, he would have insisted on going to trial rather than pleading guilty. *Id.*

The Sixth Amendment of the United States Constitution guarantees a criminal defendant "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). When a convicted defendant seeks habeas corpus relief on the ground of ineffective assistance of counsel, he must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the trial would have been different. *Strickland*, 466 U.S. at 687-91 & 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

To satisfy the second or "prejudice" prong of the *Strickland* test in the context of a guilty plea, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *accord Craker v. McCotter*, 805 F.2d 538, 541 (5th Cir. 1986). It is not sufficient for a habeas petitioner to merely allege deficiencies on the part of counsel. He must affirmatively plead the resulting prejudice in his habeas petition. *Hill v. Lockhart*, 474 U.S. at 59-61; *Bridge v. Lynaugh*, 838 F.2d 770, 773 (5th Cir. 1988). A court reviewing an ineffectiveness claim need not consider the two inquires under *Strickland* in any particular order since a failure to establish either requirement necessarily defeats the claim. *Strickland*, 466 U.S. at 697; *Smith v. Puckett*, 907 F.2d 581, 584 (5th Cir. 1990).

"It is well settled that effective assistance is not equivalent to errorless counsel or counsel judged ineffective by hindsight. [citations omitted]. Rather, inquiry must be made into the totality of the circumstances surrounding counsel's performance to determine whether reasonably effective representation was provided." *Tijerina v. Estelle*, 692 F.2d 3, 7 (5th Cir. 1982). A court reviewing an ineffectiveness claim must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional competence or that, under the circumstances, the challenged action might be considered sound trial strategy. *Gray v. Lynn*, 6 F.3d 265, 268 (5th Cir. 1993); *Bridge v. Lynaugh*, 838 F.2d at 773.

James has failed to satisfy the second prong of the *Strickland* test as modified by *Hill v. Lockhart* for cases involving habeas petitioners who pleaded guilty. James alleges no facts or

circumstances which might support a conclusion that, but for the alleged deficiencies of counsel, he would not have pleaded guilty and would have insisted on going to trial. Although Petitioner claims that counsel failed to explain the elements of the offense to him and that her addictions rendered her ineffective, review of the record in this case reveals that Petitioner understood the nature of the charge against him and was admonished by the trial court as to the full range of punishment available. *Ex parte James*, App. No. 65,829-01 at pp. 75-83. "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *United States v. Abreo*, 30 F.3d 29, 31 (5th Cir. 1994).

The trial court admonished James as to the consequences of his plea and found his plea to be knowing and voluntary. *Id*. In a habeas corpus proceeding, the state court's records are entitled to a presumption of regularity which the district court may properly rely upon in preference to the petitioner's own self-serving statements. *Walker v. Maggio*, 738 F.2d 714, 717 (5th Cir. 1984); *Thompson v. Estelle*, 642 F.2d 996, 998 (5th Cir. 1981). In short, James' conclusory allegations of ineffective assistance of counsel, as they relate to his guilty plea, fail to raise a colorable basis for habeas corpus relief. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings). "Although *pro se* habeas petitions must be construed liberally, 'mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.'" *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (quoting *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)). Under *Strickland* and *Hill*,

Petitioner's allegations regarding the alleged advice of counsel does not present a cognizable ground for habeas relief in light of the record in this case.

In his first and second grounds for relief relating to his conviction for criminal solicitation, Petitioner claims that his plea of guilty was involuntary do to ineffective assistance of counsel. Petition p. 7c. Specifically, Petitioner states that counsel failed to explain the charge, how the law would effect him, how she would defend him and the likely outcome of a trial. *Id.* He further states that, had counsel investigated his claim of audio-tape tampering, "the result would have made a difference." *Id.* Petitioner also alleges that counsel's drug and alcohol addictions rendered her ineffective. *Id.* at pp. 7c-7d.

Here again, James has failed to satisfy the second prong of the *Strickland* test as modified by *Hill v. Lockhart* for cases involving habeas petitioners who pleaded guilty. James alleges no facts or circumstances which might support a conclusion that, but for the alleged deficiencies of counsel, he would not have pleaded guilty and would have insisted on going to trial. Review of the record reveals that Petitioner understood the nature of the charge against him and was admonished by the trial court as to the full range of punishment available. *Ex parte James*, App. No. 65,829-02 (See Judgement of Conviction by Court). The trial court admonished James as to the consequences of his plea and found his plea to be knowing and voluntary. *Id*. In a habeas corpus proceeding, the state court's records are entitled to a presumption of regularity which the district court may properly rely upon in preference to the petitioner's own self-serving statements. *Walker v. Maggio,* 738 F.2d at 717; *Thompson v. Estelle*, 642 F.2d at 998. James' conclusory allegations of ineffective assistance

of counsel, as they relate to his guilty plea, fail to raise a colorable basis for habeas corpus relief. *See Ross v. Estelle, supra*; *Koch v. Puckett, supra.* Petitioner's allegations regarding the alleged ineffectiveness of counsel does not present a cognizable ground for habeas relief in light of the record in this case.

When a criminal defendant enters a plea of guilty, as in the two cases before this Court, it is more than a mere confession; it is an admission that the defendant committed the offense charged. *Taylor v. Whitley*, 933 F.2d 325, 327 (5th Cir. 1991) (citing *North Carolina v. Alford*, 400 U.S. 25, 32 (1970)). Once a criminal defendant has entered a guilty plea, all nonjurisdictional defects in the proceedings are waived except claims of ineffective assistance of counsel relating to the voluntariness of a guilty plea. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983) (citing *Barrientos v. United States*, 668 F.2d 838, 842 (5th Cir. 1982)). Therefore, review of James' remaining grounds for habeas relief is foreclosed pursuant to his plea of guilty in each case. *See, e.g., Tollett v. Henderson*, 411 U.S. 258, 265 (1973) (voluntary guilty plea waives non-jurisdictional defects in a criminal proceeding); *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000) (guilty plea bars review of ineffective assistance of counsel claims that do not implicate validity of plea itself); *Matthew v. Johnson*, 201 F.3d 353, 364 (5th Cir. 2000) (noting longstanding rule that valid guilty plea bars habeas review of non-jurisdictional claims alleging antecedent violations of constitutional rights).

With regard to James' claim of actual innocence in each of his convictions, such a claim is not a basis for federal habeas relief without some allegation of an independent constitutional violation which occurred in the underlying criminal proceeding. *E.g., Herrera v. Collins*, 506 U.S. 390, 400

(1993); *Lucas v. Johnson*, 132 F.3d 1069, 1074 (5th Cir. 1998); *Boyd v. Puckett*, 905 F.2d 895, 896-97 (5th Cir. 1990). Petitioner has not offered any such ground for relief. Therefore, he cannot prevail on his actual innocence claim.

Petitioner has failed to demonstrate that the state court's decisions in his cases were contrary to or involved an unreasonable application of federal law or that any decision was based upon an unreasonable determination of the facts in this case.

For the foregoing reasons, the petition for writ of habeas corpus is DENIED.

Copies of this order shall be transmitted to Petitioner and to Counsel for Respondent.

SO ORDERED this 31st day of March, 2010.

**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**